UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JIMMY LEE PENNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 20-138-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW SAUL, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The plaintiff seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits.  Specifically, the plaintiff contends that the administrative law judge assigned to his case incorrectly evaluated his subjective complaints of pain and that her decision is not supported by substantial evidence.

Despite the plaintiff's failure to make any effort at developed argumentation, the Court has reviewed the record and finds that the Commissioner's decision is supported by substantial evidence and is based on a proper application of the law.  Accordingly, the administrative decision will be affirmed.

## I.

Plaintiff Jimmy Lee Pennington ("plaintiff" or "Pennington") filed an application for disability insurance benefits ("DIB") on September 21, 2017.[1]  [*See* Administrative Transcript, hereafter "Tr.," 21.  *See also* Tr. 354.]  His application was denied initially and upon

---

[1]    Pennington also filed applications for DIB on January 15, 2013, and August 28, 2015, which were denied.  [*See* Tr. 173-227.]

reconsideration.   [Tr. 272, 280]   Pennington thereafter requested a hearing before an administrative law judge ("ALJ").   [Tr. 287]   ALJ Joyce Francis held a hearing on January 15, 2019, and issued a written decision denying benefits on May 7, 2019.   [Tr. 63-81; 21-33]   The ruling became the Commissioner's final decision when the Appeals Council denied the plaintiff's request for review on May 20, 2020.   [Tr. 1-3]   The matter is ripe for judicial review. *See* 42 U.S.C. § 405(g).

## II.

The plaintiff was 51 years old at the time of the ALJ's decision.   [Tr. 354, 33]   He lived at home with his wife and fifteen-year-old daughter.   [Tr. 67]   He had graduated from high school, possessed a driver's license, and drove regularly.   Pennington previously worked as a roof bolter in coal mines from 2006 through 2012.   [Tr. 68-69]   Prior to that time, he worked for the city waterworks, where he mowed grass, repaired water lines, and worked on sewer lines.   [Tr. 70]   Pennington reported lifting up to 100 pounds for both jobs.   [Tr. 73]

Pennington last worked on or around August 14, 2012, when he hit his head and injured his neck.[2]   [Tr. 70, 354]   He testified that he experienced pain daily and that his "back, neck, [and] legs" prevented him from working   *Id.*   Pennington also reported swelling of his legs and feet.   [Tr. 74]   He reported being able to walk for about ten minutes and being able to sit or stand for ten or fifteen minutes.   [Tr. 71]   Pennington reported that he lies down six or seven times per day to help relieve the swelling and pain.   He also contends that he tries to avoid lifting anything over 10 pounds.

---

[2]      The plaintiff was permitted to amend his onset date to December 30, 2017.   [Tr. 66]

Pennington reported taking nitroglycerin medication two to three times per week for chest pain.  [Tr. 73-74]  He also complained of headaches two to three times a week. Additionally, Pennington complained of depression, which made him irritable and reluctant to go out in public.  He also reported difficulty sustaining concentration.  [Tr. 76]

Pennington presented to the Harlan ARH Emergency Department on May 11, 2017, complaining of chest pain.  [Tr. 868]  Following a heart catheterization, he was diagnosed with an acute non-ST segment elevation myocardial infarction.  [Tr. 870]  This was treated with angioplasty and placement of a stent.  [Tr. 527, 562, 580]

He followed up later that month with Srinivasa Appakondu, M.D., at Appalachian Heart Center in Harlan, Kentucky.  [Tr. 627]  Pennington reported that he was "doing well," with no chest pain, shortness of breath, or swelling of the extremities.  [Tr. 628]  An echocardiogram performed on May 26, 2017, revealed a left ventricle ejection fraction of 65%. [Tr. 634]  He continued to follow up with Appakondu every three months.

In January 2018, Pennington complained of leg pain, but ankle brachial index testing was normal.  Dr. Appakondu believed the plaintiff's leg pain was likely a side effect of statin drugs.  [Tr. 728-29]  The plaintiff also treated with Dusta Boggs, APRN at Tri City Medical Center.  Pennington saw Ms. Boggs in November 2018 for primary care and medication management.  At that time, she increased his dosage of metroprolol and encouraged him to reduce calories and increase exercise for weight loss.  [Tr. 855]

Pennington received monthly treatment for neck and low back pain at Kentucky Pain Management Services from late 2015 through late 2018.  On August 21, 2017, this provider diagnosed Pennington with cervical and lumbar degenerative disc disease and spondylosis, lumbar hypertrophy, "comp fx," radiculopathy, sacroiliac pain, and peripheral neuropathy.

- 3 -

[Tr. 652]  Throughout the treatment period, this provider prescribed "Norco 7.5".  Pennington consistently reported that his ability to perform functional activities was improved with treatment.  [Tr. 647-743]

Pain Management Services also referred the plaintiff to physical therapy, which commenced in November 2017.  [Tr. 935]   Pennington attended several sessions during which he improved his range of motion and met his lower extremity strength goals.  [Tr. 893]  He was discharged from therapy in January 2018 after he stopped attending without notification.

Pennington began a second course of physical therapy in November 2018.  [Tr. 970]  He reported that he had gotten very weak after his heart attack and that his back had been hurting a lot.  Pennington attended six visits and reported decreased low back pain as of November 28, 2018.  [Tr. 950-51]

ALJ Francis determined that Pennington had the following severe impairments: degenerative disc disease; obesity; borderline intellectual functioning; and coronary artery disease with stenting.  [Tr. 24]   After considering the entire record, she determined that Pennington had the functional residual capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except he could

> lift no greater than 15 pounds; perform no more than occasional overhead lifting; sit no greater than 90 minutes continuously without 10 to 15 minutes to stand and walk; cannot sustain cervical posturing at extremes; can climb ladders, ropes, and scaffolds no more than frequently; can climb ramps and stairs no more than frequently; cannot tolerate exposure to vibration; and has been limited to work requiring only simple instructions and tasks accommodating a ninth-grade level of literacy.

[Tr. 14]

The ALJ concluded that Pennington could not perform his past work, which was considered medium exertion work, but performed by the plaintiff at the heavy or very heavy

- 4 -

level of exertion.  [Tr. 31]  However, based on the vocational expert's testimony, there were jobs existing in significant numbers in the national economy that he could perform.  [Tr. 33]  Accordingly, he was not disabled under the Social Security Act ("Act").

### III.

A "disability" under the Act is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)).  A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'"  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc).  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. § 404.1520(b).  Second, the claimant must show that he suffers from a severe impairment or a combination of impairments.  20 C.F.R. § 404.1520(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience.  20 C.F.R. § 404.1520(d).  Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination regarding disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether he can perform his past work.  20 C.F.R. § 404.1520(e).  If he can, he is not disabled.  20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairments prevent him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

The Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards in reaching her decision. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**IV.**

**A.      The ALJ Properly Evaluated the Plaintiff's Subjective Complaints of Pain.**

The plaintiff summarily claims that ALJ Francis erred in applying the two-step process for analyzing subjective complaints of pain. However, Pennington presents no substantive argument in support of this claim. The argument could be denied on that basis alone, as issues raised in a perfunctory manner, without some effort at developed argumentation, generally are deemed waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997); *Errico v. Berryhill*, 2018 WL 5794163, at *4 (E.D. Ky. Nov. 5, 2018) ("the Court will not undertake an

open-ended review of the administrative record to find support for the [plaintiff's] arguments.").

Regardless, in the interest of reviewing the plaintiff's appeal on the merits, the Court has examined the record and finds that the ALJ applied the correct two-step process for evaluating subjective complaints of pain. *See* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

The ALJ first determined that Pennington had medically determinable impairments that could reasonably be expected to cause the symptoms he alleged. *See* 20 C.F.R. § 404.1529(b). [Tr. 28]  The ALJ concluded, however, that Pennington's statements concerning the intensity, persistence, and limiting effects were not substantiated by objective medical evidence or the other evidence of record. *See* 20 C.F.R. § 404.1529(c). [Tr. 28-30]  Although Pennington claimed he could only sit for 10 or 15 minutes, he had driven himself 50 miles to the administrative hearing. Further, he reported sitting and watching television for two hours at a time. [Tr. 408]  Penington also reported that he could lift up to 20 pounds. [Tr. 413]  He was able to perform all self-care and visited his father several times per week. [Tr. 28]

The ALJ's credibility determinations are given great weight, particularly since the ALJ is tasked with observing the claimant's demeanor and credibility. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009). Pennington has not identified any error in the ALJ's application of the two-step process to his subjective complaints of pain. Accordingly, there is no basis to disturb the ALJ's ruling on this ground.

## B.     The ALJ's Decision is Supported by Substantial Evidence.

Pennington argues that, "[w]hen the record in this case is considered in its entirety, the combined effects of Plaintiff's physical and mental impairments reflect he could not perform

a wide range of even sedentary work on a regular and sustained basis." [Record No. 11-1, p.

13]  However, this is the extent of his argument and he does not point to any particular aspect

of the ALJ's opinion that he believes is deficient.

On May 9, 2017, ALJ Donald Rising denied benefits with respect to Pennington's

August 28, 2015, application for DIB.  [Tr. 204-13]  Rising determined that Pennington had

the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) except

> he can lift no greater than 15 pounds; perform no more than occasional overhead
> lifting; sit no greater than 90 minutes continuously without 10-15 minutes to
> stand and walk; and no sustained cervical posturing at extremes; no more than
> frequent climbing of ladders, ropes, and scaffolds; no exposure to vibration; and
> is limited to work requiring only simple instructions/tasks accommodating 9th
> grade literacy.

[Tr. 209]  The Appeals Council denied Pennington's request for review and this became the

Commissioner's final decision on September 5, 2017.  [Tr. 221]  That decision was affirmed

by another judge of this Court on August 14, 2018.  *Pennington v. Berryhill*, 2018 WL 3863502

(E.D. Ky. Aug. 14, 2018).

In adjudicating the plaintiff's current application, ALJ Francis noted that Pennington

had not presented evidence showing that his condition had significantly worsened since the

previous ALJ decision.  "When the Commissioner has made a final decision concerning a

claimant's entitlement to benefits, the Commissioner is bound by this determination absent

changed circumstances."  *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir.

1997).  *See also Priest v. Soc. Sec. Admin.*, 3 F. App'x 275, 276 (6th Cir. 2001) (observing that

plaintiff bore the burden of showing that her condition had worsened such that she was no

longer able to perform substantial gainful activity).

Agency consultant Sudhideb Mukherjee, M.D., reviewed Pennington's file on November 13, 2017. Mukherjee opined that the new evidence concerning Pennington's coronary artery disease and stenting procedure did not significantly impact the prior ALJ's decision. [Tr. 230] However, in recommending an RFC, he added the new limitation of only frequent climbing of ramps and stairs. [Tr. 243] Otherwise, he believed the prior RFC should be adopted. Paul Saranga, M.D., reviewed the file on January 25, 2018, and agreed with Mukherjee's recommendation. [Tr. 263-64]

ALJ Francis found these opinions to be consistent with Pennington's "stable pain control medication and reports of only mild pain, as well as his ability to ambulate without an assistive device." [Tr. 31] ALJ Francis noted that the plaintiff had not experienced exacerbations that required more intensive intervention than routine visits to his pain management physician and physical therapy during the period at issue. Physical therapy notes indicate that Pennington saw significant improvement in strength and range of motion before he stopped attending therapy. Further, Pennington reported being able to drive 50 miles, spend several hours watching television, lift 20 pounds, and was independent in performing self-care. [Tr. 29]

While the plaintiff does not identify any evidence indicating that his heart function was compromised following insertion of a stent in May 2017, he complained of chest pain and the use of nitroglycerin once or twice per week. Accordingly, consistent the consulting sources' recommendations, ALJ Francis added limitations to the RFC which would limit Pennington's ability to climb ramps and stairs. [Tr. 27] The plaintiff has neither pointed to any conflicting evidence of record nor explained why additional restrictions would have been appropriate.

**V.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.    Plaintiff Jimmy Lee Pennington's motion for summary judgment [Record No. 11] is **DENIED**.

2.    Defendant Commissioner of the Social Security Administration's motion for summary judgment [Record No. 13] is **GRANTED**.

3.    The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

Dated:  November 18, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky